## No. 10,452.

## KEIM, ET AL. v. AXELSON.

Decided January 7, 1924. Rehearing denied February 4, 1924.

Action to register title to real property. Registration granted.

### *Reversed.*

1.   TRUST DEEDS—*Sale Under—Effect.* Although the trustee under a deed of trust fails to comply with all the conditions of sale contained in the deed, his deed conveys the legal title and exhausts the power of sale. A subsequent sale by a substitute trustee conveys no title.

2.   REAL PROPERTY—*Title—Registration.* A judgment registering the title to real property held erroneous, the applicant's claim to title resting on a sale under a trust deed, and the ownership of the note and right to foreclose not being established by evidence.

*Error to the District Court of Phillips County, Hon. L. C. Stephenson, Judge.*

Messrs. ALLEN & WEBSTER for plaintiffs in error.

Messrs. CARLSON & ERICKSON, Mr. W. R. RAMSEY, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error, on November 21, 1917, filed his application to register title in fee simple to a quarter section of land in Phillips county, alleging that he was in possession of the land. A reference was ordered, and on January 25, 1918, the examiner of titles reported that there were certain tax title interests held adversely to the applicant, and that he was not entitled to register. Notice of election to proceed to registration was filed February 6, 1918, and summons issued.

One W. G. Keim, the ancestor of the plaintiffs in error, filed an answer denying that the applicant was the owner of an interest in the premises, and that he was in possession of the same. The answer set up title in Keim through various tax deeds, and through the foreclosure of a deed of trust executed by the holder of the patent title.

The court found that the applicant was entitled to register his title, whether in possession or not. The case is before us for review.

It appears from the record, that one Dye, patentee from the government, in December, 1888, executed a deed of trust to H. J. Aldrich, as trustee, to secure payment of a promissory note for $450, due in five years, to which note ten interest coupons were attached. In October, 1891, said trustee sold the land, under a power of sale in the deed, because default had been made in the payment of interest, and executed a trustee's deed to the land to The Colorado Securities Company. That company some time afterwards went into the hands of a receiver, and one Patterson, as such receiver, in April 1907, deeded the land to W. G. Keim.

In 1905, W. D. Kelsey purchased the note from Jeanette Campbell, in Boston, and she, at the time of said purchase, executed an instrument substituting one Bennett for Aldrich as trustee. Bennett sold the land under the power

in the trust deed, and issued a trustee's deed to Kelsey, under date of June 5, 1906, but not acknowledged until January 10, 1907. On that date it was recorded in the office of the county recorder.

Applicant claims under a warranty deed from Kelsey executed January 10, 1907, and recorded April 15, 1910. The plaintiffs in error claim title as heirs of W. G. Keim, through the conveyance above mentioned.

The property was sold for taxes in December, 1900. In September, 1905, a tax deed was issued one Wood and Keim, which was recorded September 27, 1905. Wood subsequently conveyed to Keim his interest acquired through this deed. A second treasurer's deed to W. G. Keim issued on March 18, 1907, on a subsequent tax sale, was filed for record on the day of its issue.

It appears from Kelsey's testimony that he took the note without any knowledge of its previous history, that it had no coupons attached, and, so far as he recalled, bore no endorsement.

Plaintiffs in error urge that the first sale exhausted the power of sale and that the substituted trustee had no authority in the premises. On this point they rely upon the case of *Stephens v. Clay*, 17 Colo. 489, 30 Pac. 43, 31 Am. St. Rep. 328, where this court held, in an opinion by Justice Helm, that a trust deed given as security vests the legal title in the trustee, the equity of redemption remaining in the maker of the trust deed. Further, that the legal title of the trustee is supplemented by a power which authorizes him, upon default in payment of the debt, to advertise and sell the property, the right to exercise this power being dependent upon his possession of such legal title. The court said: "The object of the power of sale is not to enable him (the trustee) to convey the legal title vested in himself, but to clothe him with authority to sell and convey the equitable title remaining in the trustor. He may divest himself of the legal title without compliance with the conditions of the trust. But a sale and deed, except in strict compliance with the power

specified, is of no effect whatever so far as the trustor's equitable estate is concerned. If the trustee, in disobedience of the trust conditions, by deed transfer the legal title, his grantee takes only the trustee's interest. * * * Neither courts of law nor courts of equity regard the trustee's deed as absolutely void. Both recognize the fact that it conveys the legal title."

It was therefore held that, upon the delivery of the trustee's deed, the trustee ceased, both in law and equity, to have any further interest in the property, and the power of sale was extinguished.

It was held, therefore, that a second sale was ineffective for any purpose. It follows, then, that though there might have been, as defendant in error claims, a failure on the part of Aldrich, trustee, to comply with all the conditions of sale contained in the deed of trust, his deed conveyed the legal title and exhausted the power of sale.

The sale to Kelsey, therefore, did not convey to him any title whatever. Plaintiff having failed to show title, the court erred in rendering judgment for him. It might be added that the judgment was wrong for another reason, that is, that the ownership of the note and the right to foreclose, if the power of sale had not been exhausted, was not established in Kelsey by evidence that he had purchased a note not shown to have been endorsed by the payee. Neither the note nor the deed of trust was produced on the trial.

The judgment is accordingly reversed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.